United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST LEE GLOVER, JR., | § | |
| TDCJ #0146318, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-4113 |
| | § | |
| BRIAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ernest Lee Glover, Jr., an inmate at the Texas Department of Criminal Justice (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil-rights case. Because this case is governed by the Prison Litigation Reform Act (PLRA), the Court is required to screen the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Having reviewed the pleadings, the applicable law, and all matters of record, the Court concludes that this civil action should be **dismissed** for the reasons that follow. Glover's motion for change of venue (Dkt. 21) will be **denied**.

## I.    BACKGROUND

Glover filed this suit in the Eastern District of Texas when incarcerated at the Beto Unit, and the case was transferred to this Court. He has filed a complaint (Dkt. 1), an amended complaint (Dkt. 11), and a more definite statement of his claims (Dkt. 19). He sues three defendants: Officer Longoro of the Byrd Unit; Officer Turner of the Byrd Unit;

and Bryan Collier, the executive director of TDCJ.

Glover's claims stem from an accident on a TDCJ bus (# 154189) that occurred on July 19, 2022, near the intersection of I-69 and Kelley Street in Houston. Glover states that, at the time of the accident, Officer Longoro was driving the bus, Officer Turner was in the front passenger seat, and over 40 inmates were on board and shackled together, traveling to John Sealy Hospital in Galveston. He alleges that the bus crashed into other vehicles while traveling 85 miles per hour and weaving across highway lanes. As a result of the accident, Glover suffered a torn right rotator cuff, which was diagnosed the following month by x-ray, and pain in his right shoulder, left hip, and lower back. He states that he was traumatized by the accident, which he thought would cause his death, and he and other inmates urinated on themselves and lost control of their bowels (Dkt. 11, at 3-4; Dkt. 19, at 2-3).

Glover alleges that Officer Longoro, the driver, was asleep while driving the bus and only woke up when the bus hit other vehicles (*id.* at 2). He alleges that Officer Turner also was asleep at the time of the accident, awakened only by the crash, and that Turner could have alerted Longoro to the danger if he had been awake (*id.* at 3). He alleges that Collier, as the director of TDCJ, is responsible for TDCJ's transportation system, which operates on a "shoestring budget" with "tired and overworked officers" who are always in a hurry and behind schedule (*id.* at 3-4).[1]

---

[1]    Glover also alleges that Collier violated his due-process rights when he failed to respond to correspondence from Glover and his sister (*id.* at 3).

Glover submitted some grievance records with his original complaint, in particular, a notice of extension of time for Grievance 2022093048, which he states was a medical grievance; an unprocessed Step 2 grievance dated September 16, 2022, regarding events apparently unrelated to the bus accident; and response to Grievance 2023017275, which pertained to the bus accident, stating that the grievable time had expired (Dkt. 1-2; Dkt. 1-6; Dkt. 1-8). His more definite statement did not completely respond to the Court's questions regarding his grievances, and did not state whether he appealed any unfavorable result to Step 2 of the grievance process (Dkt. 19, at 4-5; *see* Dkt. 11, at 3).

As relief for his claims, Glover requests a subpoena for his medical records, steroid shots, reparation of his right rotator cuff and right hip, and $200,000-$500,000 in damages for pain and suffering. In the alternative, he requests release from TDCJ (*id.* at 4; *see* Dkt. 1). In his more definite statement, he requests $200,000 each from Officer Longoro and Officer Turner for pain, suffering, and emotional distress. From Collier, in the alternative to an unspecified amount of monetary damages, he seeks a reduction in his sentence (Dkt. 19, at 7).

## II.    LEGAL STANDARDS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d

674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal under § 1915A(b) or § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, a court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). A court may dismiss a case *sua sponte* and without notice to the plaintiff if the plaintiff has pleaded his best case or if the dismissal is without prejudice. *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case," dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action).

Additionally, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v.*

*Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up).  Under Rule 12(b)(1), the district court has the power to dismiss for lack of subject matter jurisdiction based on the pleadings alone.  *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010); *see* FED. R. CIV. P. 12(h)(3).  A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction.  *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).  The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff."  *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

III.  **ANALYSIS**

Glover brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation.  *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). His claims alleging unsafe conditions of confinement arise under the Eighth Amendment.

As a preliminary matter, Glover recently filed motion for change of venue (Dkt. 21) based on his transfer from the Beto Unit to the Connally Unit.  Because the events giving rise to his claim occurred in this judicial district, venue is proper here.  *See* 28 U.S.C. § 1391(b).  Therefore, his motion will be **denied**.

**A. Exhaustion of Administrative Remedies**

Under the PLRA, inmates bringing an action regarding prison conditions under 42 U.S.C. § 1983 or other federal law must first exhaust all administrative remedies "as are available."  42 U.S.C. § 1997e(a).  *See Ross v. Blake*, 578 U.S. 632 (2016); *Jones v. Bock*, 549 U.S. 199, 212 (2007).  The TDCJ has a two-step formal grievance process, and an inmate must pursue a grievance through both steps for the claim to be considered exhausted.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The exhaustion requirement is mandatory and strictly enforced. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).  To the extent Glover did not pursue both stages of the grievance process regarding the bus accident, his claims are subject to dismissal for failure to exhaust administrative remedies. Additionally, the claims fail for the reasons explained below.

### B.  Eighth Amendment

To state a claim under the Eighth Amendment, a plaintiff must allege conditions that pose a "substantial risk of serious harm," as well as "deliberate indifference" by the defendants. *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015); *see Taylor v. Riojas*, 592 U.S. 7 (2020).  A prison official acts with deliberate indifference "when he knows of and disregards an excessive risk to inmate health or safety." *Hinojosa*, 807 F.3d at 665. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (cleaned up).  Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Allegations of negligence do not state a claim under 42 U.S.C. § 1983.  *See Hinojosa*, 807 F.3d at 665; *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021) (deliberate indifference "cannot be inferred from a negligent or even a grossly negligent response to a substantial risk of serious harm," but rather "requires a showing of a wanton disregard for the prisoners' safety or recklessness") (cleaned up).  A failure-to-protect claim also requires a showing of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### 1.  Officer Longoro and Officer Turner

Glover alleges that Officer Longoro and Officer Turner were both asleep as the bus travelled at 85 m.p.h. and that both awakened only when the bus crashed into other vehicles.  When asked by the Court to explain how the defendants were aware of a risk to his safety, Glover responded, "Officer Longoro and Turner didn't become aware of the risk unti[l] they had hit the other vehicles" and that, by the time each woke up, "the crash had

already happened" (Dkt. 19, at 2-3).  Because Glover does not plead facts that could show that either Officer Longoro or Officer Turner was aware of facts from which they could infer a "substantial risk of serious harm" to Glover before the accident, nor that either defendant actually drew the inference, he has not sufficiently alleged facts that could show deliberate indifference.  *See Hinojosa*, 807 F.3d at 665 (negligence allegations do not state a claim under the Eighth Amendment).  His constitutional claims against Officer Longoro and Officer Turner thus will be dismissed.

To the extent Glover brings a negligence claim based on the conduct of either defendant, Texas provides a remedy under the Texas Tort Claims Act.  Although Texas generally is immune from suit, the statute provides a limited waiver of immunity for certain tort claims, including some claims for personal injury that are caused by the negligence of an employee acting within the scope of employment and "arise[] from the operation or use of a motor-driven vehicle." *See* TEX. CIV. PRAC. REM. CODE § 101.021(1);[2] *St. Maron*

---

[2]    Under the statute, "[a] governmental unit in the state is liable for":

    (1)    property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

        (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

        (B)    the employee would be personally liable to the claimant according to Texas law; and

    (2)    personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021.

*Properties, L.L.C. v. City of Houston*, 78 F.4th 754, 764 (5th Cir. 2023). Glover has the option to pursue this state-court remedy, if appropriate, and is advised that the period of limitations to file any claims in state court is tolled while the claim is pending in federal court and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see Artis v. District of Columbia*, 583 U.S. 71 (2018).

### 2. Collier

Glover alleges that Collier, as director of TDCJ, is responsible for its transportation system and therefore liable for his injuries in the accident. A supervisory official may be held liable under § 1983 "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (cleaned up). A supervisory liability claim also requires a showing of deliberate indifference by the supervisor. *Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018); *Porter*, 659 F.3d at 446.

**Individual capacity.** In the order for a more definite statement, the Court asked Glover to explain how Collier personally caused him harm. In response, Glover alleged that Collier was personally involved "because he is directly responsible over the transportation department in Huntsville," which operates on a "shoestring budget with tired and overworked officers" (Dkt. 19, at 3). Because these facts do not suffice to show Collier's personal involvement in the accident, Glover's individual-capacity claim against Collier must be dismissed. To the extent Glover sues Collier based solely on his supervisory position, § 1983 does not permit *respondent superior* liability. *Rios v. City of*

*Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983").

Glover also alleges that Collier violated his due-process rights when he failed to respond to correspondence from Glover and his sister (Dkt. 19, at 3) (alleging that Collier failed to respond "when my sister wrote him and told him that her brother wanted off Beto because his rights were being violated" and when Glover wrote about "sending money home to his family"). This allegation, which does not rely on a liberty interest or other interest protected by due process, fails to state a valid claim. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Geiger*, 404 F.3d at 373-74.

**<u>Official capacity</u>.** A claim against a state employee in his or her official capacity is a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). The Eleventh Amendment generally bars private individuals from suing states in federal court. *Harrison v. Young*, 48 F.4th 331, 337 (5th Cir. 2022). Therefore, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its sovereign immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting § 1983. *NiGen*, 804 F.3d at 394. Thus, to the extent Glover seeks monetary damages against Collier in his official capacity, his claim is barred by sovereign immunity and must be dismissed without prejudice for lack of jurisdiction.

To the extent Glover seeks prospective relief from Collier, the Eleventh Amendment permits a narrow exception to the immunity bar under *Ex parte Young*: a plaintiff may seek injunctive relief from a state official to enjoin ongoing violations of federal law. *Harrison*, 48 F.4th at 337 (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123, 156 (1908)). This exception "allows [a] plaintiff to sue a state official, in his official capacity, in seeking to enjoin enforcement of a state law that conflicts with federal law." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017). A defendant in his official capacity also may be liable under § 1983 for an official policy or custom of the state entity, whether formal or informal. *Johnson v. Rodriguez*, 110 F.3d 299, 313 (5th Cir. 1997).

When asked to describe a TDCJ policy or custom that caused him harm, Glover cited his past experience with rushed drivers:

> From what I can tell all of the times I was at Beto traveling from Beto [to] John Sealy the bus drivers were always in a hurry and no matter what they were always behind . . . on everything[,] scheduling and logistics.

(Dkt. 19, at 4). He alleges that the purported policy has caused him harm personally because he was "anxious and apprehensive" about traveling on a TDCJ bus because of frequent accidents, and thus had "refused" the option to travel on a bus (*id.*). He refers to a different bus that hit a train trestle and claims that inmates have died because of the recklessness of TDCJ's drivers (*id.*).

Glover does not plead facts that could show that a TDCJ policy or custom is the cause of an ongoing violation of federal law. Rather, he seeks a remedy for his injuries

from the 2022 accident.[3]  This request that the State remedy a past violation does not fit within the *Ex parte Young* exception and, therefore, is barred by the Eleventh Amendment. *See Harrison*, 48 F.3d at 338 ("The key is not the type of relief sought but whether the remedy is preventing ongoing violations of federal law as opposed to past ones," citing *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)).  Additionally, Glover does not plead facts that could show a sufficiently widespread policy or custom, nor that the policy or custom was approved by Collier.  *See Johnson*, 110 F.3d at 312.  Although he alleges that other inmates have been subject to accidents due to reckless or rushed drivers (Dkt. 19, at 4), he does not allege facts that could show that these accidents were sufficiently related to the accident in his case, which was caused by the driver and another officer falling asleep.

Because Glover's claim for injunctive relief against Collier does not fit within the *Ex parte Young* exception, it are barred by sovereign immunity and will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the Court now **ORDERS** as follows:

1.    Glover's motion for change of venue (Dkt. 21) is **DENIED**.

---

[3]    In addition to monetary damages, Glover requests that Collier reduce the time on his sentence (*id*. at 7).  However, this request for early release from TDCJ is not an available remedy in a civil-rights suit under § 1983.  Claims seeking release from custody are properly brought under habeas, while challenges to the conditions of confinement and prison procedures are properly brought as a civil-rights action under § 1983.  *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025); *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

2.      Glover's claims against Officer Turner and Officer Longoro under federal law are **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

3.      Glover's individual-capacity claims against Collier are **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

4.      Glover's official-capacity claims against Collier are **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for lack of subject-matter jurisdiction.

4.      Under 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over any state-law claims against Officer Longoro or Officer Longoria regarding the bus accident.  Plaintiff has the option to pursue this state-court remedy, if appropriate, and is advised that the period of limitations to file any claims in state court is tolled while the claim is pending in federal court and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d); *see Artis v. District of Columbia*, 583 U.S. 71 (2018).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ May 22 _____, 2025.

_George C. Hanks Jr_

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE